IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH M.,[1]

      Plaintiff,

      v.                                                                         Civ. No. 23-507 SCY

MARTIN O'MALLEY,
Commissioner of Social Security,

      Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING REMAND

Confessing error in the ALJ's decision below, the Commissioner moves for a voluntary remand in this case for another ALJ adjudication of Plaintiff's claim for disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 401-434. Doc. 22. Plaintiff does not oppose remand, but requests that instead of a rehearing, the Court award benefits outright. Doc. 23.

"When a decision of the Secretary is reversed on appeal, it is within this court's discretion to remand either for further administrative proceedings or for an immediate award of benefits." *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). In deciding which remedy is appropriate, the court must consider "the length of time the matter has been pending and whether or not given the available evidence, remand for additional factfinding would serve any useful purpose but would merely delay the receipt of benefits." *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (internal citations and quotation marks omitted).

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Plaintiff filed an application for disability insurance benefits on November 17, 2014. Doc. 16 at 3. Plaintiff's alleged onset date is August 26, 2014. ALJ Richter issued an unfavorable decision on March 12, 2018. The Appeals Council remanded the case on December 13, 2018, because the ALJ had not proffered additional medical evidence submitted post-hearing in accordance with HALLEX I-2-7-1. Doc. 16 at 3-4. On remand, ALJ Richter issued another unfavorable decision. Doc. 16 at 4. On appeal, this Court reversed, finding that the ALJ had failed to discuss material objective evidence supporting Plaintiff's subjective complaints of back pain. Doc. 16 at 8-9. The evidence the ALJ failed to discuss "directly contradict[ed] the ALJ's findings that [Plaintiff] had full range of motion, no significant side effects resulting from his medication, and 'well controlled' back pain." AR 1717.

On remand for a second time, ALJ Michael Leppala issued a partially favorable decision, finding Plaintiff disabled as of December 24, 2021, the day prior to Plaintiff's 55th birthday. Doc. 16 at 4. Because Plaintiff's date last insured is September 30, 2018, this had the effect of denying the Title II claim for benefits. Plaintiff appealed, arguing among other things that ALJ Leppala failed to follow this Court's prior mandate. Doc. 16 at 9-10. "The Commissioner agrees that this case should be remanded for further evaluation and explanation of Plaintiff's RFC, including further consideration of Plaintiff's subjective complaints of back pain as instructed in the Court's December 2021 remand order." Doc. 22 at 6.

The Court agrees with Plaintiff that the length of time this application has been pending and the repeated errors are factors that weigh strongly in favor of an outright award of benefits. However, the Commissioner demonstrates that further factfinding by the ALJ is warranted due to the conflicting nature of the evidence regarding Plaintiff's functioning during the relevant time period.

Plaintiff argues that further factfinding would not be useful as the evidence is already clear and there is nothing to develop. A treating physician opinion dated June 21, 2018 found Plaintiff was restricted to sedentary work. Due to Plaintiff's age, under the grids a restriction to sedentary work would result in a finding of disability as of December 25, 2016.  Doc. 16 at 12-13; Doc. 34 at 7. But the Commissioner points to evidence that Plaintiff's functioning was not so limited. Doc. 22 at 7 ("Progress notes through late 2019 reflect that Plaintiff's pain was 'fairly well controlled' on this regimen, that he denied any adverse side effects, and that he was able to perform activities of daily living independently"); *id.* ("during one appointment in December 2018, a prescribing nurse practitioner noted that Plaintiff was 'able to walk without problems in[ ]spite of no hydrocodone for 7 days'"); *id.* (consultative examining opinion in August 2013 that Plaintiff had limitations due to knee pain but not back pain, and Plaintiff was "capable of physical labor in his yard and garden and was playing softball last year"); *id.* (consultative examination in February 2015 stating only moderate limitations in standing and walking; Plaintiff's typical daily activities consisted of walking). The Court therefore does not agree that further factfinding would serve no useful purpose. On remand, an ALJ must properly weigh and discuss all the conflicting evidence, but it is squarely within the purview of an ALJ to make factual findings after doing so.

Regarding the favorable portion of the decision below, the Commissioner requests that the Court either refrain from including any instructions regarding reopening that portion of the decision, or include the following language:

> While the favorable portion is not before the Appeals Council in a voluntarily remanded case, the entire decision is subject to reopening if the conditions set forth in 20 C.F.R. §§ 404.988 and/or 416.1488 are satisfied.

Doc. 22 at 10 n.4. Plaintiff does not object to the second alternative (inclusion of such language). Doc. 23 at 9. Therefore, the Court will include it.

**CONCLUSION**

The Commissioner's Opposed Motion To Remand For Further Administrative Proceedings Pursuant To Sentence Four Of 42 U.S.C. § 405(g) is GRANTED. Plaintiff's Motion To Reverse And Remand For A Rehearing is DENIED AS MOOT, and the alternative request for the payment of immediate benefits is DENIED. Doc. 16. The Court REMANDS this case to the Commissioner for further administrative proceedings. While the favorable portion is not before the Appeals Council in a voluntarily remanded case, the entire decision is subject to reopening if the conditions set forth in 20 C.F.R. §§ 404.988 and/or 416.1488 are satisfied.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**
**Presiding by consent**